Strafford,
No. 4378.

ETHEL T. WINDLE *v.* INTERSTATE PASSENGER SERVICE, INC.

Submitted May 4, 1955.
Decided June 7, 1955.

*Sleeper & Mullavey* for the plaintiff, furnished no brief.

*O. J. Gregoire* for the defendant, furnished no brief.

BLANDIN, J. It appears that the parties entered into a contract with supplemental agreements whereby the defendant was to pay

$1,800 down and the balance of $16,200 to the plaintiff upon the transfer of the franchise of a bus line upon the happening of certain contingencies including approval by state and federal commissions. The approval was obtained on various dates in 1947, 1948 and 1949. During the first part of this period Wentworth operated the lines for the plaintiff and then, a dispute having arisen between them, Interstate carried on as the plaintiff's agent until the transfer to it of the operating rights in early 1949. Meanwhile, Wentworth sued Windle and trusteed Interstate. An auditor was appointed with the consent of all parties to determine the amount due Windle from Interstate. The auditor, in a report filed August 28, 1951, found operating losses incurred by Interstate, acting as Windle's agent, amounted to $12,479.61, and that under the agreements between Windle and Interstate, these losses should be deducted from the balance of $16,200 due on the purchase price of the franchise by Interstate. This resulted in a finding that Interstate as trustee was chargeable in the sum of $3,720.39, which amount it has paid, and this finding, approved by the Superior Court, was sustained by us on appeal. *Wentworth Bus Lines* v. *Windle*, 98 N. H. 234, 236.

The record in that case discloses that the amount the defendant owed the plaintiff for the purchase of the franchise of the bus line was there litigated and determined and is now *res judicata*. *Laconia National Bank* v. *Lavallee*, 96 N. H. 353, and cases cited; Restatement, Judgments, s. 76 (1); 65 Harv. L. Rev. 818, 835. Since this issue was submitted to the auditor without objection, it is now too late for the plaintiff to raise any question of her right to a jury trial. *Redlon Co.* v. *Corporation*, 91 N. H. 502, 506. See *Hills* v. *Smith*, 28 N. H. 369, 377. It follows the order is

*Judgment for the defendant.*

All concurred.